GEORGE H. HEYNIGER, complainant-respondent,

v.

ABRAHAM LEVINSOHN, defendant-appellant.

[Submitted July 9th, 1917. Decided November 19th, 1917.]

On appeal from a decree advised by Vice-Chancellor Lewis, and reported in *87 N. J. Eq. 471*.

*Mr. Edmund Wilson* and *Messrs. Durand, Ivins & Carlon,* for the appellant.

*Mr. Harry R. Cooper* and *Mr. Henry H. Snedeker,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed. The opinion of the vice-chancellor adequately disposes of all the points raised here except one, and to that extent is adopted as the opinion of this court.

The remaining point is based on a construction by appellant's counsel of section 7 of the charter of the Ocean Beach Association (*P. L. 1873 pp. 1089, 1091*), which we consider untenable. The section reads as follows:

"That for the purpose of restricting nuisances and of compelling a uniform system of improvements of said settlement the said company are hereby authorized and invested with power to incorporate into any deed of conveyance made by them, whether in fee-simple or otherwise, a clause or condition forbidding the sale upon the premises so conveyed by said company, of any spirituous or intoxicating liquors, and to require any grantee of said company to make and maintain such style and character of improvement on said lots so conveyed or on the streets fronting thereon, as to the said company may seem most expedient for securing a uniform system of development and improvement throughout the said settlement * * *."

The point made is that if the corporation desired to require buildings on lots sold to be placed a certain minimum distance back from the street line, it could so require only by the insertion of an appropriate special clause in its deeds, and not by what it actually undertook to do, viz., pass a general resolution or by-law containing such restriction and inserting a covenant in the deeds merely binding the grantee in general terms to abide by the by-laws.

The construction contended for by appellant would be justified if the act gave power to incorporate a condition forbidding the sale of intoxicating liquor and a condition requiring grantees to make and maintain such style of improvement, &c.; but the act does not so read. The clause "and to require," &c., is referable to "authorized and invested with power." The other meaning would do violence to the grammar. Construing the act as we do, the point is without substance.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams—12.

*For reversal*—None.